JULIANA G. CUSHING, Administratrix, *vs.* BENJAMIN WILLARD,

Statements made by a person when delivering to another a note made by the latter to a third person, relating how the note came into his possession, are inadmissible in evidence against a stranger.

In an action upon a negotiable promissory note payable at a certain bank, the defendant contended that the note was originally signed by him to take up a note of his son, the amount of which with interest added equalled this; that at the request of the payee (since dead) another note was made with interest included in the principal, in order that it might be discounted, and the payee by mistake carried away both notes; that the other note was paid by the defendant, and there was no consideration for the note in suit; and offered evidence that a note of the same amount with the other note had been paid by him at the bank, and that the note in suit had never been there nor inquired for by him there, and that the payee had never demanded payment thereof during his life. *Held*, that there was sufficient evidence to be submitted to the jury, and that a ruling to the contrary entitled the defendant to a new trial.

ACTION OF CONTRACT upon a negotiable promissory note for $83, dated November 28th 1855, and payable in six months from date at the Lancaster Bank to George W. Cushing, the plaintiff's intestate. Answer, want of consideration.

At the trial in the court of common pleas, before *Perkins*, J., the defendant called his son, Andrew F. Willard, who testified that on the 29th of March 1855 he bought two cows of George W. Cushing, and gave his note therefor at that date for $80, payable in five months with interest, and that his father about seven months afterwards handed him that note. The defendant then proposed to ask him what his father said to him at that time, for the purpose of showing the reasons assigned by his father for handing it to him. But the evidence was objected to and excluded. The witness further testified that he saw Cushing a few days after the note for $80 became due, and told him that he had not been able to pay it at maturity; that his father was seventy four years of age, and that from June 1854 to April 1855 he had charge of his father's farm and of all his business.

The defendant contended that the note in suit was written and signed by the defendant on the day of its date, in the absence of his son, for the purpose of taking up the son's note

for $80, and that, after that had been written, Cushing expressed a preference for a note which would be more readily discounted at the bank, and therefore another like note, as a substitute for the one already written and signed, was made by Cushing and signed by the defendant at the same time, in which was included the amount of the note of $80 and interest to November 28th, and interest added in for six months and three days' grace, making the sum of $85.74, and delivered by the defendant to Cushing, and received by him in full payment of the son's note of $80 ; that Cushing by mistake took from the table the note in suit also ; and that the defendant never received any consideration for the note in suit. And for the purpose of establishing the foregoing facts he proposed to prove by the president and the books of the Lancaster Bank that a note for $85.74, dated November 28th 1855, signed by the defendant and payable to George W. Cushing or order at the Lancaster Bank in six months from date, was sent to the bank for collection by Cushing's order and paid at maturity by the defendant; and that the note now in suit was never in the bank, nor inquired about by the defendant at the bank, nor any claim made for the payment thereof by Cushing in his lifetime, nor by the plaintiff until long after his decease. No other evidence was offered that the note in suit had any connection with the note given by the son, or in support of the defendant's position. But from the evidence introduced and offered, and from the coincidence in amount, the defendant contended that the jury might infer that the note in suit, and the note for $85.74 paid by the defendant at the Lancaster Bank, were duplicate notes given for the same debt, which had been paid in the note of $85.74, and so there was no consideration for this note in suit. But the judge ruled that this result could not fairly be deduced from the matters proved and offered so far as they were admissible ; and that the jury would not be justified in drawing from them the inference which the defendant claimed. Whereupon a verdict was taken by consent for the plaintiff, and the defend ant alleged exceptions.

*N. Wood,* for the defendant.

*T. K. Ware,* for the plaintiff.

MERRICK, J. The evidence, offered by the defendant, of statements and declarations made by him at the time when he delivered to the witness the promissory note which the latter had given to the plaintiff's intestate, was properly rejected. Nothing which was said by him on that occasion constituted any part of the act of delivery, or had any tendency to illustrate, characterize or explain it. On the contrary, the account which he gave of the manner in which he became possessed of the note was a mere narrative of a past transaction; and there was therefore no ground for holding it to be admissible as forming a part of the *res gestæ.*

The testimony of the president of the Lancaster Bank in relation to the facts which the defendant proposed to prove by him does not appear to have been objected to. It was clearly admissible and ought to have been received, and therefore the question of fact involved in the issue should have been submitted to the jury to be determined by them. Many of the facts and circumstances proved, and offered to be proved, by the defendant, had a tendency to show that at the date of the note declared on he was no otherwise indebted to the plaintiff's intestate than as he then took upon himself the payment of the note which had been previously given by his son; and that it was for this purpose only that he successively wrote and signed the note now in suit, and the note which was discounted and paid at the Lancaster Bank. If it is true that each of them was made on no other account, and for no other object, and upon no other consideration than this, there can be no pretence for saying that the payee is entitled to receive the contents of both. The payment of the note at the Lancaster Bank was, upon that assumption, a full and complete discharge of the entire indebtedness of the defendant, and the payee held the other note without having given or offered any consideration therefor. Of course he could not in such case maintain an action upon it. But this was the very point in controversy between the parties, and the precise question of fact involved in the issue to be tried. It was therefore to be submitted to the jury. And

it was clearly within their province to deduce the inferences which were to be drawn from all the facts proved at the trial. And if, in view of the whole evidence laid before them, including both that which was actually produced and that also which was tendered and offered by the defendant, they should have found that the note declared on was given without consideration, and should accordingly have returned a verdict for the defendant, we are by no means prepared to say that their conclusion would have been so obviously and clearly erroneous as to have made it the duty of the court to interpose and set aside their verdict. For these reasons the defendant has good cause of exception to the ruling of the presiding judge in the court below, his objections thereto must be sustained, and a new trial granted. *Exceptions sustained.*